Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/28/2017 09:10 AM CDT

JENNIFER DEBOER, NOW KNOWN AS
JENNIFER DUNFORD, APPELLEE, V.
HENK DEBOER, APPELLANT.

___ N.W.2d ___

Filed March 28, 2017.    No. A-16-163.

1. **Contempt: Appeal and Error.** In a civil contempt proceeding where a party seeks remedial relief for an alleged violation of a court order, an appellate court employs a three-part standard of review in which (1) the trial court's resolution of issues of law is reviewed de novo, (2) the trial court's factual findings are reviewed for clear error, and (3) the trial court's determinations of whether a party is in contempt and of the sanction to be imposed are reviewed for abuse of discretion.

2. **Contempt.** Civil contempt proceedings are instituted to preserve and enforce the rights of private parties to a suit when a party fails to comply with a court order made for the benefit of the opposing party.

3. **Contempt: Presumptions: Proof.** Outside of statutory procedures imposing a different standard or an evidentiary presumption, all elements of contempt must be proved by the complainant by clear and convincing evidence.

4. **Rules of Evidence: Contempt.** The Nebraska Evidence Rules apply generally to all civil and criminal proceedings, including contempt proceedings except those in which the judge may act summarily.

5. **Contempt: Proof: Stipulations.** In order to prove civil contempt, unless the alleged contemptuous acts occurred within the presence of the judge, or the parties stipulate otherwise, an evidentiary hearing is necessary so that the moving party can offer evidence to demonstrate both that a violation of a court order occurred and that the violation was willful.

Appeal from the District Court for Douglas County: GARY B. RANDALL, Judge. Reversed and remanded for further proceedings.

C.G. (Dooley) Jolly, of Adams & Sullivan, P.C., L.L.O., for appellant.

No appearance for appellee.

Riedmann, Bishop, and Arterburn, Judges.

Arterburn, Judge.

## INTRODUCTION

Henk deBoer appeals from an order of the district court dismissing his contempt actions against his ex-wife, Jennifer deBoer, now known as Jennifer Dunford, in the proceedings to modify their decree of dissolution of marriage. On appeal, Henk argues that the district court erred in dismissing his applications for contempt without holding a full evidentiary hearing and without providing him notice. Upon our review, we determine that the district court erred when it dismissed Henk's contempt actions without holding an evidentiary hearing. Accordingly, we reverse, and remand for an evidentiary hearing on Henk's applications for contempt.

## BACKGROUND

Henk and Jennifer were married in 2002 and had two children during their marriage. They divorced in 2010. Pursuant to the decree of dissolution of marriage, Jennifer was awarded primary physical custody of the children, subject to Henk's parenting time. The terms of Henk's parenting time were set forth in a parenting plan agreed to by the parties, the details of which are not material to this appeal.

In October 2011, Jennifer filed a complaint to modify the decree of dissolution. In particular, Jennifer claimed that there had been a material change in circumstances in that Henk had failed to comply with the parenting time schedule, had failed to communicate with Jennifer regarding parenting time, had abused alcohol in front of the children, and had left the state with the children without providing notice to Jennifer. Jennifer sought a reduction of Henk's parenting time.

On October 31, 2011, Henk filed an answer to Jennifer's complaint to modify, denying the allegations therein. Henk also counterclaimed, seeking (1) custody of the minor children and (2) an order of contempt due to Jennifer's denying him his court-ordered parenting time. Later, in August and December, 2014, Henk also filed two separate applications for an order to show cause why Jennifer should not be held in contempt, claiming that Jennifer repeatedly denied his parenting time. The transcript also contains references to an application for contempt filed by Jennifer, but such a pleading is not contained in the record before us.

On December 15, 2014, the district court entered an order modifying the decree of dissolution. The order incorporated a modified parenting plan which the parties had agreed to in July 2013.

The same day the court issued its order of modification, it also issued an order to show cause why Jennifer should not be held in contempt for failing to abide by the parenting plan. The court set the contempt matter for hearing on March 18, 2015. No bill of exceptions from a March 18 hearing is contained in the record before us.

On July 17, 2015, the court issued an "Order on Contempt." The order states that the court held a hearing on Henk's and Jennifer's respective contempt actions on March 18, 2015. The order states that "[t]he matter was heard in chambers." The court held that "[n]either [Jennifer] nor [Henk] shall be found in willful and contumacious contempt at this time." The court made additional findings regarding summer parenting time, health care reimbursement, and psychological evaluations. The court ordered that the contempt actions filed by both Henk and Jennifer would be continued to September 24, 2015.

The same day the court issued the "Order on Contempt," it also issued an amended order of modification. The amended order states that it is being entered "[p]ursuant to [the] findings indicated in the Court's Order regarding contempt . . . ."

The court ordered custody and parenting time in accordance with a parenting plan agreed to by the parties.

Although the contempt matters were initially set to be heard on September 24, 2015, Henk filed a motion to continue the hearing. The court rescheduled the contempt hearing to December 15.

Before the rescheduled contempt hearing, Henk filed a motion to set aside the "'Order on Contempt'" entered on July 17, 2015. Henk argued that the hearing had been held off the record, the court made no findings in support of its order, the order included matters not before the court, and the order was entered nearly 5 months after the hearing. Jennifer opposed Henk's motion to set aside.

The court issued its last order on January 11, 2016. It was titled simply "Order" and stated, "THIS MATTER was before the Court for hearing on the 15th day of December, 2015, . . . on [Henk's] Motion to Set Aside." No bill of exceptions from a December 15 hearing is contained in the record before us, although one was requested in Henk's praecipe for bill of exceptions.

The January 11, 2016, order stated that its findings of fact and conclusions of law were "[b]ased upon the pleadings, [a]ffidavits submitted, and the arguments of counsel . . . ." The only finding of fact the court made was that it had jurisdiction over the parties and the subject matter of the action. The court ordered Jennifer not to interfere with Henk's parenting time and to provide Henk with monthly documentation of medical expenses. The court also dismissed the parties' respective contempt actions.

Henk appeals from the dismissal of his contempt actions.

ASSIGNMENTS OF ERROR

Henk argues, restated, that the district court erred in dismissing his contempt actions without a full evidentiary trial, without providing notice to him that it was considering

dismissing his contempt action, and based upon insufficient factual findings.

We note that Henk does not assert an argument with respect to his final assignment of error regarding the court's allegedly insufficient factual findings. To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the party's brief. *Griffith v. Drew's LLC*, 290 Neb. 508, 860 N.W.2d 749 (2015). Accordingly, we do not address Henk's last assignment of error.

## STANDARD OF REVIEW

[1] In a civil contempt proceeding where a party seeks remedial relief for an alleged violation of a court order, an appellate court employs a three-part standard of review in which (1) the trial court's resolution of issues of law is reviewed de novo, (2) the trial court's factual findings are reviewed for clear error, and (3) the trial court's determinations of whether a party is in contempt and of the sanction to be imposed are reviewed for abuse of discretion. *Hossaini v. Vaelizadeh*, 283 Neb. 369, 808 N.W.2d 867 (2012).

## ANALYSIS

Henk asserts error based on the failure of the district court to conduct an evidentiary hearing on his contempt actions. Based on our review of the record, no evidentiary hearing was held on December 15, 2015, the hearing referenced by the January 11, 2016, order. That order did, however, dismiss Henk's contempt actions.

[2,3] Civil contempt proceedings are instituted to preserve and enforce the rights of private parties to a suit when a party fails to comply with a court order made for the benefit of the opposing party. *Martin v. Martin*, 294 Neb. 106, 881 N.W.2d 174 (2016). Willful disobedience is an essential element of contempt; "willful" means the violation was committed intentionally, with knowledge that the act violated the court order. *Id*. Outside of statutory procedures imposing a

different standard or an evidentiary presumption, all elements of contempt must be proved by the complainant by clear and convincing evidence. *Id*.

[4,5] The Nebraska Evidence Rules "apply generally to all civil and criminal proceedings, including contempt proceedings except those in which the judge may act summarily." Neb. Rev. Stat. § 27-1101(2) (Reissue 2008). This leads us to the conclusion that in order to prove civil contempt, unless the alleged contemptuous acts occurred within the presence of the judge, or the parties stipulate otherwise, an evidentiary hearing is necessary so that the moving party can offer evidence to demonstrate both that a violation of a court order occurred and that the violation was willful. See *Martin v. Martin, supra*. Unless the alleged contemptuous acts occurred within the presence of the judge, or the parties stipulate otherwise, evidence must be adduced to prove both elements. See *id.*

While the order of the district court does recite that its findings are based upon the pleadings, affidavits submitted, and arguments of counsel, there is no indication in the record that any "evidence" was offered and received. Affidavits "submitted" do not necessarily equate to affidavits offered and received. And there is no indication in the record that the parties agreed to submit the contempt actions to the court without an evidentiary hearing. To the contrary, Henk's appeal is based upon the argument that no evidentiary hearing was permitted.

We are cognizant that in *Sempek v. Sempek*, 198 Neb. 300, 252 N.W.2d 284 (1977), the Supreme Court reviewed a contempt finding wherein the hearing did not include sworn testimony. The court found, however, that the parties had agreed to submit the matter to the district court in summary fashion on the oral statements of counsel. There is nothing in the record of the present case indicating a similar agreement. Consequently, the rules of evidence did apply.

Because we determine that the contempt proceeding required proof of willful disobedience, the district court erred

in failing to hold an evidentiary hearing. Therefore, the order of dismissal must be reversed and the cause remanded for an evidentiary hearing on Henk's contempt actions.

Because we determine that the court's error in not conducting an evidentiary hearing on December 15, 2016, requires reversal, we need not reach the question of whether sufficient notice was given to Henk that the district court was considering the contempt actions for dismissal. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *Flores v. Flores-Guerrero*, 290 Neb. 248, 859 N.W.2d 578 (2015).

## CONCLUSION

The district court's failure to conduct an evidentiary hearing relating to Henk's applications for contempt constitutes error. Accordingly, we reverse the district court's order dismissing Henk's contempt actions and remand the cause for an evidentiary hearing on the matter.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.